IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| GEORGETOWN YACHT BASIN, INC.<br>P.O. Box 8<br>14020 Augustine Herman Hwy.<br>Georgetown, Maryland 21930<br><br>          Plaintiff<br><br>v.<br><br>P/V AMORE E VITA (MD 2686 BD)<br>her engine, tackle,<br>equipment, furniture and all<br>other necessaries thereunto<br>appertaining and belonging,<br>in rem<br><br>          Defendant | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

Civil Action No.: L-00-CV-1182

\* \* \* \* \* \* \* \* \* \* \* \* \*

**ORDER FOR INTERLOCUTORY SALE OF VESSEL BY PUBLIC AUCTION**

Plaintiff's Motion for Interlocutory Sale of the P/V AMORE E VITA, etc., having been read and considered, and the Court finding that the Defendant Vessel was arrested by the United States Marshal on May 3, 2000, that no security for the release of the vessel has been posted, that the vessel is still in the custody of the Substitute Custodian appointed herein, that further excessive and disproportionate expense will be incurred for the maintenance and preservation of the vessel while in the custody of the Substitute Custodian and that it is in the best interest of all parties that a sale of the vessel be made promptly, it is this 15TH day of July, 2000, by the United States District Court for the District of Maryland,

ORDERED, that pursuant to Supplemental Rule E(9)(b) of the Federal Rules of Civil Procedure and Local Admiralty Rule (e)(11), the United States Marshal be, and he is hereby, authorized and directed to sell the P/V AMORE E VITA (MD 2686 BD), her engines, tackle,

85431 v 1.0 (04856.00049)



equipment, furniture and all other necessaries thereunto appertaining and belonging, and to make all necessary preparations and arrangements in furtherance of such sale, to occur within thirty (30) days of this Order, at Georgetown Yacht Basin, Inc., 14020 Augustine Herman Highway, Georgetown, Maryland 21930, at public auction for cash to the highest bidder upon the following terms:

(a) If the highest bid is $1,000.00 or less, then the person whose bid is accepted shall immediately pay the U.S. Marshal the full purchase price. Otherwise, a cash deposit or cashier's or certified check expressed in U.S. currency of ten percent (10%) of the bid shall be paid at the time the bid is accepted and the remaining ninety percent (90%) shall be paid by cash or cashier's check or certified check expressed in U.S. currency three (3) days after the day on which the bid was accepted unless an objection to the sale is filed within the three (3) day period. If an objection is so filed, the bidder is excused from paying the balance of the purchase price until three (3) court days after the sale is confirmed. If the sale should not be confirmed, the United States Marshal shall return all monies to the highest bidder immediately after rejection of the bid by the Court. If full payment of the balance is not made in conformity with the above terms, the deposit shall be forfeited by the bidder in accordance with Local Admiralty Rule (e)(11)(c).

(b) If Plaintiff, GYB, is the highest bidder, then Plaintiff, GYB's bid shall be deemed maintained as a fund by GYB and subject to the credit of Plaintiff, GYB's claim against the Defendant vessel or the proceeds of its sale as stated in the Verified Complaint, and Plaintiff GYB need not pay any amount to the United States Marshal, or his agent, except that amount which it has bid in excess of the amount prayed for in its Verified Complaint, subject to the further Order of this Court.

(c) The sale shall be subject to confirmation or rejection by the court within five (5) court days, but no sooner than three (3) court days after the sale pursuant to Local Admiralty Rule (e)(11)(f).

(d) After ratification of sale and payment of the purchase price, any person having a claim against the vessel that arose prior to ratification must present the same by Intervening Complaint pursuant to Local Admiralty Rule (e)(9)(c) within thirty (30) days or be forever barred from intervention.

(e) Permission to inspect the Defendant vessel will be available through the United States Marshal, or his agent, or the Substitute Custodian, and it is

FURTHER ORDERED, that:

(a) The Marshal is to cause to be published a notice of the date, time, place and terms of the sale in the Kent County News at least seven (7) days prior to the date of sale. The cost of publication advanced by any party herein shall be deemed administrative expenses, and shall constitute a first charge against the proceeds of any sale.

(b) All expenses of maintenance, keepers and watchmen's fees, storage, port risk and other insurance, for newspaper advertisements, and any other expenses necessarily incurred by the Marshal for the preservation of the P/V AMORE E VITA, etc., pending sale, shall be deemed to be administrative expenses of the Marshal and shall be deducted from the proceeds of said auction sale, with the balance remaining to be deposited in the registry of this court to stand in the place of the vessel pending further disposition of this action.

_____
United States District Judge